<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RENEE PISTONE, *on behalf of herself and all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> CLIENT SERVICES, INC., <br><br> Defendant. | Civil Action No. 21-1285 (ZNQ) (JBD) <br><br> **MEMORANDUM OPINION** |

<u>**QURAISHI, District Judge**</u>

This matter comes before the Court upon Defendant Client Services, Inc.'s ("Defendant") Partial Motion to Dismiss Plaintiff Renee Pistone's ("Plaintiff") Amended Complaint. (ECF No. 17.) Plaintiff opposed (ECF No. 18), and Defendant replied (ECF No. 19). After careful consideration of the Parties' submissions, the Court decides Defendant's Motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons outlined below, Defendant's Motion to Dismiss is granted.

**I.    BACKGROUND**

**A.    Procedural History**

On January 27, 2021, Plaintiff filed her original Complaint in this Court alleging various violations of the Fair Debt Collections Practices Act (the "FDCPA"), 15 U.S.C. § 1692, et seq. (Compl., ECF No. 1.) The alleged violations stemmed from Defendant's inclusion of multiple addresses in a debt collection letter sent to Plaintiff in January 2020. (*Id.* ¶¶ 40-63.) Specifically,

Plaintiff alleged that the inclusion of two addresses in the letter violated 15 U.S.C. §§ 1692e, 1692e(10), 1692g, and 1692g(b). (*Id.* ¶ 63.)

On May 26, 2021, after Defendant moved to dismiss her original Complaint, Plaintiff filed an Amended Complaint. (Am. Compl., ECF No. 8; First Mot. Dismiss, ECF No. 4.) Plaintiff's Amended Complaint alleges Defendant also violated 15 U.S.C. §§ 1692c and 1692f. (Am. Compl. ¶ 78.)

### B. Factual Background

Plaintiff alleges that in January 2020, Defendant sent Plaintiff a collection letter (the "Collection Letter") with respect to a debt it sought to collect in the amount of $607.85 (the "Debt"). (*Id.* ¶ 21.) The Collection Letter included the following validation notice:

> Unless you notify our office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

(*Id.* ¶ 38.)

Plaintiff alleges that the Collection Letter, however, contained "two separate addresses for Defendant" such that a debtor would be unable to identify where to send a written communication disputing or asking to verify the Debt. (*Id.* ¶¶ 41-42.) Plaintiff avers that the two addresses rendered the Collection Letter and accompanying validation notice a "deceptive communication . . . frustrat[ing] Plaintiff's ability to intelligently choose [her] response." (*See id.* ¶ 73.) Plaintiff does not allege that she sought to verify or dispute her debt, only that "[t]he least sophisticated consumer

may be dissuaded from disputing the debt at all [] since he or she may not know to which of the two addresses the debt dispute letter should be sent." (*Id.* ¶ 42.)

Plaintiff included the Collection Letter as an exhibit to her Amended Complaint. (Am. Compl., Ex. A.)[1] The Collection Letter is two pages total, and at the top left of the first page is Defendant's name with an address underneath ("Address One"). (*Id.*) At the top righthand corner of the first page is a list of hours, a phone number to contact Defendant, and the date. (*Id.*) The bottom lefthand corner of the first page appears to be the face of the envelope visible to postal workers when the Collection Letter was mailed to Plaintiff (the "Envelope Face"). (*See id.*) At the top left of the Envelope Face is an address ("Address Two"), affixed where a return address is typically affixed on an envelope, which reads:

> PO Box 1586
> Saint Peters, MO 63367

(*Id.*) On the Envelope Face is Plaintiff's name and address, and at the bottom righthand corner of the first page under the label "**REMIT TO:**" is Address One again:

> Client Services, INC.
> 3451 Harry S. Truman BLVD
> St. Charles MO 63301-4047

(*Id.* (emphasis in original).) There are no addresses on the second page of the Collection Letter. (*Id.*)

---

[1] In deciding a Rule 12(b)(6) motion, a court may consider exhibits attached to the complaint if the complainant's claims are based upon the provided documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2)[2] "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed me. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

---

[2] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

4

## III.   DISCUSSION

Defendant only moves to dismiss Plaintiff's §§ 1692g and 1692g(b) (collectively "§ 1962g" or "Section 1962g") claims and §§ 1692e and 1692e(10) (collectively "§ 1962e" or "Section 1962e") claims. (Def.'s Moving Br. 1, ECF No. 17-1.) Specifically, Defendant challenges Plaintiff's assertions that (1) the inclusion of Address Two overshadows or contradicts the information provided in the Collection Letter, and (2) that "the least sophisticated consumer [would] be misled as to where written disputes should be sent" given the inclusion of both Address One and Address Two in the Collection Letter. (*Id.* at 2-3.)

"The FDCPA 'creates a private right of action against debt collectors who fail to comply with its provisions.'" *Rhee v. Client Servs., Inc.*, No. 19-12253, 2020 WL 4188161, at *4 (D.N.J. July 21, 2020) (quoting *Grubb v. Green Tree Servicing, LLC*, No. 13-7421, 2014 WL 3696126, at *4 (D.N.J. July 24, 2014)). "The FDCPA was enacted by Congress in 1977 with the purpose of eliminating 'abusive, deceptive, and unfair debt collection practices' by debt collectors." *Id.* (quoting 15 U.S.C. § 1692a). "As remedial legislation, the FDCPA must be broadly construed in order to give full effect to these purposes." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013), *overturned on other grounds by Riccio v. Sentry Credit, Inc.*, 954 F.3d 582 (3d Cir. 2020) (en banc). To that end, courts analyze lender-debtor communications from "the perspective of the least sophisticated debtor." *Rhee*, 2020 WL 4188161, at *4 (citing *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)). "[A]lthough this standard protects naïve consumers, it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basis level of understanding and willingness to read with care." *Id.* (alteration in original) (internal quotation marks omitted) (citing *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000)).

Upon consideration of the parties' arguments, the Court finds that Plaintiff does not have Article III standing to bring her claims, and even if she did, she cannot sustain her § 1692g and § 1692e claims as a matter of law. The Court addresses each of these findings below.

**A.  Article III Standing**

As a preliminary matter, although not briefed by either party, the Court notes that Plaintiff does not appear to have Article III standing to bring her claims alleging that she was harmed by the confusion caused when Defendant allegedly provided two addresses to send written disputes or verifications.[3] *Madlinger v. Enhanced Recovery Co.*, No. 21-154, 2022 WL 2442430, at *5-7 (D.N.J. July 5, 2022). Specifically, this Court has found that unless a plaintiff alleges she "relied on the multiple addresses in the letter in making a[] decision to verify or dispute the debt," a plaintiff fails to plead a concrete harm sufficient to confer Article III standing. *Madlinger v. Fin. Recovery Servs., Inc.*, No. 21-1288, 2023 WL 3240795, at *3 (D.N.J. Jan. 9, 2023). This is because generalized confusion is not sufficient to confer Article III standing. *Enhanced Recovery Co.*, 2022 WL 2442430, at *5 (recognizing that while the Third Circuit has yet to reach this particular issue, other courts of appeals have considered whether confusion alone is a concrete injury for Article III purposes and "squarely rejected" the proposition, finding instead that such general allegations of confusion are "insufficient to confer standing").

---

[3] To establish Article III standing, a plaintiff must demonstrate "(1) an injury-in-fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Finkelman v. Nat'l Football League,* 810 F.3d 187, 193 (3d Cir. 2016). The "injury in fact" inquiry is often determinative of standing. *Ellison v. Am. Board of Orthopaedic Surgery*, 11 F.4th 200, 205 (3d Cir. 2021) (citations omitted). "A plaintiff seeking to establish injury in fact 'must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."'" *Id.* (quoting *Spokeo, Inc. v. Robins*, 194 U.S. 330, 339 (2016)).

Here, Plaintiff alleges only that "[t]he least sophisticated consumer may be dissuaded from disputing [a debt] since he or she may not know to which of the two addresses the debt dispute should be sent." (Am. Compl. ¶ 42.) Not only does this hypothetical seem to ask this Court to issue an advisory opinion, but the Amended Complaint also contains no allegation that Plaintiff tried to exercise her option to verify or dispute her debt but could not do so because she did not know what address to send her letter to. (*See generally* Am. Compl; *see also In re Lazy Days' RV Ctr. Inc.*, 724 F.3d 418, 421 (3d Cir. 2013) ("Federal courts have no jurisdiction to render advisory opinions. Put another way, they 'may not decide questions that cannot affect the rights of litigants in the case before them or give opinions advising what the law would be upon a hypothetical state of facts.'" (citation omitted)).) As such, even if this Court takes as true Plaintiff's allegation that the Collection Letter and validation notice "violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose [her] response," Plaintiff has not alleged a concretized harm sufficient to confer Article III standing because it merely alleges she was confused by Defendant's inclusion of multiple addresses in the Collection Letter.

While the Court finds that Plaintiff lacks Article III standing for her § 1692g and § 1692e claims, the Court notes that this District is split as to whether confusion under 15 U.S.C. § 1692 can constitute a concretized injury capable of conferring Article III Standing in this context. *Compare Enhanced Recovery Co.*, 2022 WL 2442430, at *5, *with Rhee*, 2020 WL 4188161, at *4 (finding that a plaintiff does not need to plead she is "actually confused by [a collection letter] to establish standing" but rather that "the receipt of a misleading debt collection letter may constitute a concrete injury because it is the precise injury that Congress hoped to stop with the FDCPA"). As such, out of an abundance of caution, the Court will also assess the merits of Plaintiff's claims under § 1692g and § 1692e.

**B. Plaintiff's § 1692g Claims**[4]

"The debt validation provisions of section 1692g were included by Congress to guarantee that consumers would receive adequate notice of their rights under the law." *Wilson*, 225 F.3d at 354 (citation omitted). Section 1692g requires a validation notice that is "conveyed effectively to the debtor." *Id*. (citations omitted). "This means that the validation notice must be 'sufficiently prominent' and cannot be 'overshadowed or contradicted by accompanying messages or notices from the debt collector.'" *Rhee*, 2020 WL 4188161, at *6 (citing *Wilson*, 225 F.3d at 355); *see also* 15 U.S.C. § 1692g(b). Courts are split on whether a lender's inclusion of two addresses in a collection notice constitutes ineffective conveyance under § 1692g because an unsophisticated consumer would be confused as to what address to send a written dispute of the debt. *Compare Rhee*, 2020 WL 4188161, at * 7 (finding that where a debt collection letter contained two addresses, one indicating where to remit payment and another with a PO box, "the least sophisticated debtor may be confused as to which address [s]he may use to dispute [her] debt") *with Bacalzo v. Credit Control*, No. 20-16904, 2022 WL 2063461, at *6 (D.N.J. June 7, 2022) (finding that multiple addresses in a collection letter "does not overshadow or detract from" a defendant's validation notice) *and Saraci v. Convergent Outsourcing, Inc.*, No. 18-6505, 2019 WL 1062098, at *3 (E.D.N.Y. Mar. 3, 2019) (finding that not every inclusion of two addresses in a collection letter is necessarily misleading). The Court decides this question at this stage because "[t]he question of whether the least sophisticated debtor would be confused or misled by a debt collector's notice is a question of law for [the court] to decide." *Szczurek v. Pro. Mgmt., Inc.*, 59

---

[4] The Court considers Plaintiff's claims under §§ 1692g and 1692g(b) collectively because §1692g(b) is the subsection upon which Plaintiff's claims as to whether Defendant effectively communicated Plaintiff's debt verification rights under FDCPA rests. *See* 15 U.S.C. §§ 1692g and 1692g(b).

8

F. Supp. 3d 721, 724 (E.D. Pa. 2014) (citing *Wilson*, 225 F.3d at 353 n.2) (deciding this issue in defendant's favor on a motion for a judgment on the pleadings); *see also Nunez v. Mercantile Adjustment Bureau, LLC*, No. 19-2962, 2020 WL 2475619, at *7 (E.D.N.Y. May 13, 2020) (deciding this issue in a defendant's favor at the motion to dismiss stage).

The Court finds that under the unique facts of this case, the least sophisticated debtor would not be confused as to what address to send a written notice to. Importantly, Defendant's address accompanies Defendant's name in two different locations in the Collection Letter. (Am. Compl., Ex. A.) Most prominently, Defendant's address is displayed on the letterhead underneath Defendant's name, just above the validation notice advising plaintiff she can make a written request for verification of the Debt. (*Id.*) Address Two, on the other hand, is not affixed to Defendant's name in any way and appears to only serve as a return address on the Envelope Face, presumably for the benefit of postal workers. (*Id.*) Moreover, Defendant appears to have made a conscious effort to not confuse the consumer by choosing not to include its name above Address Two. (*See id.*) Were the Court to conclude that the inclusion of Address Two in this context violated § 1692g, such decision would run counter to the purpose of the FDCPA to deter abusive and unfair debt collection practices because such finding would essentially punish Defendant for seeking to *avoid* confusing the consumer. *See Bacalzo v. Credit Control*, No. 20-16904, 2022 WL 2063461, at *4 (D.N.J. June 7, 2022) (finding that multiple addresses in a debt collection letter does not violate § 1692e or § 1692g because "a contrary finding would run counter to the purpose

and spirit of [the FDCPA] – to protect consumers from *abusive, deceptive, and unfair* debt collection practices" (emphasis in original)).[5]

Even the least sophisticated debtor should be aware of the function of a return address and that Defendant's office, where the validation notice explicitly directs written disputes to be sent, is the address associated twice with Defendant's name. For these reasons, Plaintiff's claims under § 1692g fail as a matter of law.

### C. Plaintiff's § 1692e Claims[6]

Section 1692e prohibits "any false, deceptive, or misleading representation or means in connection with the collection of a debt." 15 U.S.C. § 1692e. Section 1692e(10), specifically, "is a catch-all provision prohibiting '[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.'" *Bacalzo*, 2022 WL 2063461, at *4 (citing 15 U.S.C. 1692e(10)). When assessing claims under § 1692e, a court should apply the least sophisticated debtor standard and should focus on "whether a debt collector's statement in a communication to a debtor would deceive or mislead the least sophisticated debtor." *Id.* (emphasis omitted) (internal quotation marks omitted) (quoting *Jensen v. Pressler & Pressler*, 791 F.3d 413, 420 (3d Cir. 2015)).

---

[5] The Court notes that even if it agreed with Plaintiff's arguments in this case (which it does not), the Court's decision would essentially necessitate one of two options for debt collectors if they wanted to comply with § 1692 when sending a collection letter: Collectors would have to either (1) ensure any return address on an envelope face is the same address that all written correspondence should be mailed to, or (2) explicitly indicate that the return address on the envelope face sent to the debtor is not an address where written correspondence can be sent. Construing § 1692g as requiring such an outcome, in the Court's opinion, would be a bridge too far.

[6] As with Plaintiff's § 1962g claims, the Court considers Plaintiff's claims under §§ 1692e and 1692e(10) collectively because §1692e(10) is the subsection upon which Plaintiff's claims alleging Defendant made false representations as to Plaintiff's debt under FDCPA rests. *See* 15 U.S.C. §§ 1692g and 1692g(b).

10

When allegations under § 1692e are based on the same language or theories as allegations under 15 U.S.C. § 1692g, a court's analysis of the § 1692g claim is usually dispositive. *Reynolds v. Encore Receivable Mgmt.*, No. 17-2207, 2018 WL 2278105, at *1 (D.N.J. May 18, 2018); *Martinez v. Diversified Consultants, Inc.*, No. 17-11923, 2019 WL 316018, at *5 (D.N.J. Jan. 24, 2019); *see also* Am. Compl. ¶¶ 76-78 (providing that "Plaintiff repeats the allegations contained in paragraphs 1 through 75 as if the same were set forth at length" and that Defendant's conduct set forth in those paragraphs "violated several provisions of the FDCPA, including" §§ 1692(g) and 1692(e)); Def.'s Moving Br. 9-10 (arguing that a court's finding under § 1692g is dispositive under § 1692e where the theories supporting the claims are similar); Pl.'s Opp'n Br. 11, ECF No. 18 (appearing to similarly argue that a court's findings under § 1692g is dispositive for claims under § 1692e where the theories supporting the claims are similar).

Here, Plaintiff's theory that the multiple addresses Defendant provided in the Collection Letter were deceptive is the foundation for her allegations under both § 1692g and § 1692e. (Am. Compl. ¶¶ 76-78.) Accordingly, as the Court found above that Plaintiff could not be deceived by the inclusion of a return address on the Envelope Face sent by Defendant to Plaintiff, Plaintiff's claims under § 1692e also fail as a matter of law.

## IV.   CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Plaintiff's claims under §§ 1692g and 1692e is **GRANTED**. Plaintiff is granted leave to file a Second Amended Complaint within 30 days.

Date: May 12, 2023

                                                   s/Zahid N. Quraishi
                                                   **ZAHID N. QURAISHI**
                                                   **UNITED STATES DISTRICT JUDGE**