**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RENEE PISTONE**, *on behalf of herself and other persons similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>**CLIENT SERVICES, INC.,**<br><br>Defendant. | Civil Action No. 21-1285 (ZNQ) (JBD)<br><br>**OPINION** |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion for Reconsideration (the "Motion") filed by Plaintiff Renee Pistone ("Plaintiff"). (ECF No. 22.) Plaintiff filed a brief in support of its Motion. ("Moving Br.," ECF No. 22-1.) Defendant Client Services, Inc. ("Defendant") opposed the Motion. ("Opp'n Br.," ECF No. 23.)

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motion will be **DENIED**.

On May 12, 2023, the Court issued a Memorandum Opinion (the "Opinion") granting Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint. *Pistone v. Client Services, Inc.*, Civ. No. 21-1285, 2023 WL 3434042 (D.N.J. May 12, 2023). In an accompanying Order, the Court dismissed Plaintiff's claims without prejudice. (*See* Order, ECF No. 21.) In granting Defendant's Partial Motion to Dismiss, the Court found that Plaintiff "does not have Article III

standing to bring her claims, and even if she did, [Plaintiff] cannot sustain her § 1692g and §1692e claims as a matter of law" and the Court addressed both findings. *Pistone*, 2023 WL 3434042, at *3–5. Accordingly, the Court granted Plaintiff leave to file an amended complaint within thirty days. *Id.* at 5. Plaintiff now moves the Court to reconsider the Opinion. Specifically, Plaintiff contends that the Opinion should be vacated because "[o]nce the Court found that there was no Article III jurisdiction with respect to the claim[s,] there was nothing left for the [C]ourt to do other than to dismiss the subject claim without prejudice." (Moving Br. at 5.)

Reconsideration, under Local Civil Rule 7.1(i), is an "extraordinary remedy" that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (citations omitted). The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v Quinteros*, 176 F. 3d 669, 677 (3d Cir. 1999) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1958)). Accordingly, a motion for reconsideration must rely on one of the following three grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). To demonstrate a clear error, a party "must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling; it must demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Leja v. Schmidt Mfg, Inc.*, 743 F. Supp. 2d 444, 456 (D.N.J. 2010). Mere "disagreement with the Court's decision" is also insufficient. *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Importantly, courts will "entertain" motions for reconsideration "[o]nly where the court

2

has overlooked matters that, if considered by the court, might reasonably have resulted in a different conclusion." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

In the Motion, Plaintiff fails to identify under which ground she seeks reconsideration, fails to explain how the disposition of the matter would be any different if her Motion is granted, and fails to properly support its position. (*See generally* Moving Br.) Instead, Plaintiff solely asserts that the Opinion must be vacated because the Court rendered a decision on the merits of the claims after it found that Plaintiff lacked Article III standing. (*Id.* at 3.) The Third Circuit, including in the cases cited by Plaintiff, will vacate a district court's opinion where the district court dismissed a complaint *with* prejudice after finding that the plaintiff lacked standing. *See, e.g., Patel v. Allstate N.J. Ins. Co.*, 648 F. App'x 258, 262–63 (3d Cir. 2016) (vacating and remanding the district court's dismissal of the case with prejudice with instructions to dismiss without prejudice because the court could not decide the merits of the case insofar as it lacked subject matter jurisdiction). Here, however, the Court previously dismissed the claims without prejudice and Plaintiff does not explain how the relief sought will alter that conclusion. (*See* Order.) Even if the Court granted Plaintiff's present Motion, the outcome of the matter would not change, and the final disposition would remain the same: the claims would remain dismissed without prejudice. As such, Plaintiff has failed to demonstrate how any legal error "might reasonably have resulted in a different conclusion." *Compaction Sys.*, 88 F. Supp. 2d at 345. The Court does not agree that reconsideration is appropriate here.

For the reasons stated above, the Court will DENY Plaintiff's Motion for Reconsideration.

An appropriate Order will follow.

Date: **November 28, 2023**

ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE

4